IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DAVIS,<br>　　　Petitioner,<br><br>　　　　　　v.<br><br>ERIC TICE, *et al.*,<br>　　　Respondents. | :<br>:<br>:<br>:　　Civil No. 2:20-cv-04307-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**Gallagher, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 28, 2022**

## I.　INTRODUCTION

Petitioner Ronald Davis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia County Court of Common Pleas for aggravated assault, carrying a firearm on a public street, and possession of an instrument of crime. Magistrate Judge David R. Strawbridge issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied and dismissed. Petitioner has filed objections to the R&R. For the reasons set forth below, the R&R is adopted, and the objections are overruled.

## II.　STANDARDS OF REVIEW

### A.　R&R

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. §

636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). In the absence of a specific objection, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report, *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987); therefore, the court should review the record for plain error or manifest injustice. *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Habeas corpus petitions under 28 U.S.C. § 2254**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer available to him"). The Supreme

Court has held that the ineffectiveness of counsel may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Put differently, the exception is only available when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 569 U.S. at 401; *Schlup*, 513 U.S. at 316).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    **C.**    **Claims of ineffective assistance of counsel**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence and the burden is on the petitioner. *Id.* at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

### III. BACKGROUND

The R&R summarizes the background of this case. R&R 1-5, ECF No. 14. Petitioner does not object to this summary, and, after review, it is adopted and incorporated herein. In brief, on

4

July 7, 2008, Freddie Mears was shot in the buttocks in South Philadelphia. *Id.* at 1-2. Mears initially refused to identify his shooter. *Id.* at 2. However, after a renewal of the police investigation in 2010, Mears identified Petitioner from a photo array as the man who shot him. *Id.* Petitioner was then charged and offered a plea deal.[1] *Id.* Petitioner rejected the plea deal and proceeded to trial in February 2012. *Id.* at 3. At trial, the prosecution introduced an audio recording of a phone call between Mears and his wife that took place after the 2010 preliminary hearing and helped affirm Mears' identification of Petitioner.[2] *Id.*

The jury ultimately returned guilty verdicts on the charges of aggravated assault, carrying firearms in public in Philadelphia and possession of an instrument of crime. *See Commonwealth v. Davis*, 2042 EDA 2015, slip op. at 4 (Pa. Super. Nov. 22, 2016).

Petitioner did not file a direct appeal at that time. R&R at 4. On June 15, 2017, Petitioner filed a *pro se* PCRA petition. *Id.* The PCRA petition argued in relevant part that "trial counsel was ineffective by failing to listen to audio evidence of a recorded phone conversation prior to the start of trial which would have led a reasonable counsel to advise the petitioner to accept the guilty plea." *Commonwealth v. Davis,* 2019 WL 4668005, at *2 (Pa. Super. Ct. Sept. 24, 2019) (citing Amended No-Merit Letter, 12/12/17, at 7). On August 23, 2018, the PCRA Court issued an order denying relief. Petitioner filed a notice of appeal, but the Superior Court affirmed the dismissal on September 24, 2019. *Id.* On August 24, 2020, Petitioner filed his habeus petition asserting four grounds for relief.

The R&R outlined Petitioner's grounds for relief as follows:

---

[1] The Commonwealth offered Petitioner a sentence of 4-10 years on the shooting of Mears that would have run concurrently to a separate sentence of 5-10 years that he was serving at that time.

[2] Mears was incarcerated at the time and his institution routinely recorded inmate telephone calls.

1. Trial counsel was ineffective for failing to introduce evidence that Petitioner and the victim, Mears, did not attend high school together. R&R at 8.

2. The trial court erred in admitting evidence of Petitioner's prior convictions for firearm violations. *Id.* at 10.

3. Trial counsel was ineffective for failing to file a motion to dismiss the charges based on Mears' failure to identify Petitioner at the preliminary hearing. *Id.* at 12.

4. Trial counsel was ineffective for failing to play Petitioner the audio recording of Mears's conversation with his wife - which caused Petitioner to reject a plea offer he otherwise would have taken. *Id.* at 14.

The Magistrate Judge determined claims one through three were procedurally defaulted and without merit. Claim four was presented to the PCRA Court, and upon review, the Magistrate Judge found that it did not merit relief. R&R at 10-15. Petitioner has filed objections to the Magistrate Judge's finding regarding claims one, three, and four and argues that any default should be excused based on the ineffectiveness of counsel. Objections to Magistrate's R&R ("Objs."), ECF. No. 18.

### IV. ANALYSIS

This Court has conducted de novo review of Petitioner's claims and adopts the R&R in its entirety. This Opinion briefly addresses Petitioner's objections below.

In his Objections to the R&R, Petitioner does not dispute that his claims are procedurally defaulted; rather, he argues that any defaults should be excused based on the ineffectiveness of trial counsel and the prejudice he suffered as a result. Objs. at 1-5. For the reasons discussed below, Petitioner cannot establish that he was prejudiced by trial counsel's failure to introduce evidence, file a motion to dismiss, or play an audio recording.

**1. Ground One: Failure to introduce evidence that Petitioner and the victim, Mears, did not attend high school together.**

Petitioner claims in Ground One of his petition that trial counsel was ineffective for failing to counter Mears' testimony that he knew Petitioner in high school. Objs. at 4. As the Magistrate Judge explained, this claim is procedurally defaulted because Petitioner did not raise it on direct appeal or PCRA review. R&R at 1. Because the claim is procedurally defaulted, it is unreviewable.

Petitioner argues this procedural default should be excused as per *Martinez* because his failure to raise the issue can be attributed to ineffective counsel. Pet. Memo of Law ("Memo") at 4-6, ECF No. 13. However, *Martinez* does not provide grounds to excuse the procedural default.[3] Petitioner must demonstrate that the underlying ineffective assistance of trial counsel claim has some merit. *See Martinez,* 566 U.S. at 14. The Magistrate Judge found that Petitioner failed to demonstrate that his underlying claim had merit and this Court agrees. R&R at 12.

Even if defense counsel had introduced evidence that the parties did not attend high school together, it would not have led to a "reasonable" probability that a jury would have reached a different verdict. *See Bender v. McGinley*, No. 1:19-cv-60, 2019 U.S. Dist. LEXIS 119052, at *19-21 (M.D. Pa. July 17, 2019) (concluding that where trial counsel did not object to a witness's allegedly false testimony, the defendant was not prejudiced by counsel's performance and, also, that the defendant was not prejudiced by counsel's failure to raise this claim). For these reasons

---

[3] "[A] prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

and those more fully set forth in the R&R, Petitioner's first habeas claim is procedurally defaulted and lacks merit.

### 2. Ground Three: Failure to file a motion to dismiss the charges based on Mears's failure to identify Petitioner at the preliminary hearing.

Petitioner asserts in Ground Three of his petition that trial counsel was ineffective for failing to file a pretrial motion to dismiss after Mears did not identify him at the preliminary hearing. Pet. for Writ of Habeous Corpus at 12, ("Pet.") ECF No. 1. He argues this failure was enough to negate the necessary '*prima facie*' evidence. *Id.* He also argues that the police officer's testimony during trial regarding Mears' photo identification is hearsay. Objs. at 7.

As the Magistrate Judge explained, Petitioner did not assert this claim on PCRA review. R&R at 14. This claim is thus procedurally defaulted. However, the Magistrate Judge also considered whether this default could be excused due to the ineffective assistance of counsel. *Id.*

Here, again, Petitioner had to demonstrate the underlying ineffectiveness claim involving trial counsel was "substantial." *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012). Petitioner argues that the evidence at the preliminary hearing was not sufficient to establish a *prima facie* case. Objs. at 7. "It is well settled that the preliminary hearing serves a limited function . . . [and] the Commonwealth merely bears the burden of establishing a *prima facie* case." *Commonwealth v. Fox* 619 A.2d 327, 332 (Pa. Super. 1993). Although during the preliminary hearing Mears recanted his identification, the prosecution presented evidence that Mears had identified Petitioner in a police photo array. R&R at 2. This was enough to establish probable cause to believe that Petitioner committed the offense and established a *prima facie* case. *See Commonwealth v. Karetny*, 880 A.2d 505, 514 (Pa. 2005).

Next, we address Petitioner's allegations of hearsay. The Court has liberally interpreted Petitioner's allegations as a Confrontation Clause challenge. "Where ineffectiveness is lodged

8

against counsel's failure to object to hearsay under the Confrontation Clause - arguable merit will lie if all the elements are met under the doctrine articulated in *Crawford v. Washington*, 541 U.S. 36, (2004)." *Boston v. Mooney*, 2015 U.S. Dist. LEXIS 148106 at *112. Specifically, the challenged evidence must be (1) hearsay, (2) by an unavailable declarant not previously subject to cross-examination by the defendant, and (3) a "testimonial" statement, that is, either the product of a police interrogation or its functional equivalent where the primary purpose "is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at 111-113 (citing *Davis v. Washington*, 547 U.S. 813, 822 (2006)).

Lineup identifications are admissible as non-hearsay statements under Rule 801(d)(1)(C) of the Federal Rules of Evidence as long as the identifying witness testifies. *See e.g., United States v. Owens*, 484 U.S. 554 (1988); *Boston v. Mooney*, 2015 U.S. Dist. LEXIS 148106 at 133; *United States v. Elemy*, 656 F.2d 507 (9th Cir. 1981); *United States v. Lewis*, 565 F.2d 1248 (2d Cir. 1977). Thus, there is no hearsay in this case and we need not address prongs two and three of the *Crawford* analysis.

Considering the above, it is not reasonably likely that a motion to dismiss would have been granted and we are unable to excuse the procedural default of this claim.

### 3. Ground Four: Failing to play an incriminating audio recording to Petitioner, which allegedly caused him to reject a plea offer.

Petitioner asserts in Ground Four of his petition that trial counsel was ineffective because he did not play a recorded phone conversation for Petitioner. Pet. at 4. Petitioner contends if he had heard this recording, he would have accepted the prosecution's plea deal. Therefore, he alleges trial counsel was ineffective for failing to arrange for him to hear the recording. Pet. at 13-14. In this recording, Mears told his wife he did not identify Petitioner at the preliminary hearing because he wanted to enact "street" retribution later. R&R at 9.

This claim was presented to the state courts on PCRA review and prompted an evidentiary hearing. R&R at 9. At that hearing, testimony established that trial counsel specifically discussed this audio recording and its potential impact with Petitioner. *Davis*, 2019 WL 4668005 at *4 (citing N.T. Evid. Hr'g, 4/24/18 at 36-37). The Court noted that "trial counsel not only listened to the audio recording before trial, but also explicitly discussed (1) the potential impact the evidence would have on Petitioner's defense at trial and (2) the potential for Petitioner to accept a favorable plea deal from the Commonwealth based on this new evidence." *Id.* Additionally, trial counsel advised Petitioner to take the plea deal on two occasions. *Id.* Thus, we cannot say that the state court engaged in an unreasonable application of law. Petitioner is not entitled to relief on this claim.

## 4. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and, in the R&R, Petitioner has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong. A COA is denied.

## V. CONCLUSION

After de novo review and for the reasons set forth herein, the R&R is adopted. The objections are overruled, and the habeas claims are denied and dismissed. A separate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge